ARTHUR W. FACTOR, Plaintiff, *v.* JESSIE R. FACTOR, Defendant.

Supreme Court, Special Term, Bronx County, May 2, 1945.

*Sidney L. Krakower* for plaintiff.

*Lewis W. Olliffe* for defendant.

SHIENTAG, J.   The action is by the husband for an annulment of the marriage on the ground of fraud.   The parties were married in October, 1940, and have one child, a boy one year old.

The ground urged for annulment is that the defendant, while the parties kept company, and in response to questions put to her by the plaintiff, specifically represented that she had never been previously married; that she made similar representations in her application for the marriage license and to the orthodox rabbi who performed the marriage ceremony.

It appears that the defendant had previously been married on June 16, 1938 (the religious ceremony took place on September 17, 1938); that in an undefended suit instituted by the former husband on December 16, 1938, this marriage was annulled on March 3, 1939, by a court of competent jurisdiction, on the ground of the wife's refusal to cohabit and of fraudulent misrepresentations concerning the amount of financial provision that would be made for the husband.   According to the testimony given by the former husband the parties had never cohabited.

The defendant in this action admits stating in her application for a marriage license that she had never previously been married, and that she made a similar representation to the rabbi who performed the ceremony.   She asserts, however, and I accept her testimony, that she advised the plaintiff of her former marriage and its annulment, and that he told her that it was unnecessary to disclose those facts.   As to the application for a marriage license she states that her brother, who at the time had just graduated from law school, advised her that under the law the annulment of her prior marriage operated to destroy the marriage entirely as though it had never taken place, and that it was entirely appropriate for her to answer in the negative a question as to whether she had previously been married.   Her testimony on this point is corroborated by her brother.

While the boundaries of the " fraud ", which will operate to render a marriage voidable at the instance of an aggrieved party, have not been and perhaps cannot be definitely outlined, the tendency in this State has been to give a rather broad connotation to what may be deemed " the essence of the marriage contract ". In *Shonfeld* v. *Shonfeld* (260 N. Y. 477, 481) it was held by a divided court of four to three that " If the proof shows that the representations were of a nature to deceive an ordinarily prudent man who, but for the representations, would not have consented to the marriage, there is an adequate basis for a decree." (See, also, 46 Harv. L. Rev. 1034; Note, 58 A. L. R. 326.) In that case the marriage was never consummated, although that point was not stressed in the opinion. Where, therefore, there is a misrepresentation that there has been no prior marriage, such misrepresentation may be ground for annulling the second marriage. (Cf. *di Lorenzo* v. *di Lorenzo,* 174 N. Y. 467.)

Having found that no misrepresentation was made by the defendant to the plaintiff in this case that disposes of the action. My purpose in writing this memorandum is to call attention to what I conceive to be a fallacy indulged in by some members of the Bar: that, where a prior marriage has been annulled on the ground of fraud, it may properly be stated in an application for a marriage license that there has been no previous marriage. In *Matter of Moncrief* (235 N. Y. 390, 394, 396) the Court of Appeals, speaking through ANDREWS, J., held that a marriage obtained by fraud was voidable, but that when the decree of annulment was pronounced the marriage was deemed void *ab initio*. When the annulment was obtained, " * * * the marriage was nullified and all the consequences of a void marriage then followed. * * * The parties were in the same position as though a marriage had never been entered into." But as CARDOZO, J., pointed out in *American Surety Co.* v. *Conner* (251 N. Y. 1, 9): " The decree of annulment destroyed the marriage from the beginning as a source of rights and duties (*Matter of Moncrief,* 235 N. Y. 390, 397), but it could not obliterate the past and make events unreal."

A decree of annulment, therefore, cannot obliterate the *fact* that a prior marriage had taken place. The only truthful answer, in the situation we are considering, to an inquiry made by one of the parties, or by a clergyman asked to perform the ceremony, or in an application for a marriage license, is to state that there has been a previous marriage which has been annulled. Strangely enough, although the application form for

a marriage license contains questions asking about any previous divorce, at whose instance it was obtained, etc., there are **no** such questions as to a prior annulment. This I believe to be an oversight. It is just as important to ascertain the facts and the jurisdictional elements with respect to an annulment as it is in the case of a divorce. Judgment is directed in favor of the defendant dismissing the complaint upon the merits. Settle findings of fact, conclusions of law and judgment **on** notice.